# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| Sarah Goldstein, | : | BANKR. NO. 24-10179-AMC |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| ANDREW R. VARA, | : | |
| UNITED STATES TRUSTEE, | : | ADV. NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Sarah Goldstein, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT OF THE UNITED STATES TRUSTEE
## OBJECTING TO THE GRANTING OF DEBTOR'S DISCHARGE

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, as and for his complaint (this "Complaint") objecting to the granting of a discharge to Sarah Goldstein ("Defendant") alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

4. The deadline for filing a complaint objecting to Defendant's discharge is September 20, 2024. This Complaint is filed timely.

## PARTIES

5. Plaintiff is the United States Trustee for Region 3, which includes the Eastern District of Pennsylvania.

6. Pursuant to 28 U.S.C. § 586(a)(3), U.S. Trustee monitors and supervises the administration of cases commenced under, among other things, Chapter 7 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"). U.S. Trustee brings this action pursuant to Bankruptcy Code section 727(c)(1).

7. Defendant Sarah Goldstein is an individual who filed a voluntary petition on January 18, 2024 (the "Petition Date"), commencing a case under Chapter 13 of the Bankruptcy Code in the Eastern District of Pennsylvania, which is captioned *In re: Sarah Goldstein*, Case No. 24-110179-amc. Defendant's case was converted to Chapter 7 on March 4, 2024, upon Praecipe to convert to Chapter 7 filed by Counsel on February 29, 2024. Defendant's residence at the time she filed her bankruptcy petition is believed to be 115 Main St, Apt 4, Sellersville, Bucks County, Pennsylvania 18960-2357.

8. U.S. Trustee consents to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND FACTS

9. On the Petition Date, Defendant commenced her bankruptcy case by filing a voluntary petition (Bankr. Doc. No. 1) (the "Petition") for relief under Chapter 13 of the Bankruptcy Code. At the time she filed her Petition, Defendant was represented by Counsel.

2

**Concealed Alias, Concealed Transfers and Concealed Bank Accounts**

10. Upon information and belief, the name Tanya Markova Dzhendova ("Dzhendova" or the "Concealed Name") is an alias used by Defendant. Defendant and Dzhendova are therefore the same person.

11. The Petition does not disclose any other names used by Defendant in the prior eight (8) years. Defendant did not disclose that she uses the name Dzhendova. Defendant did not disclose that she has used the name Dzhendova within the eight (8) years prior to the filing of the Petition.

12. Defendant has a personal checking account at Wells Fargo, with an account number ending in 8516 (the "Wells Fargo Account").

13. Upon information and belief, Defendant has ownership interest in an account at First Investment Bank held in the country of Bulgaria (the "Bulgaria Bank"), with an account number ending in 2588 (the "First Concealed Bulgaria Account").

14. Upon information and belief, Defendant has ownership interest in a second account at Bulgaria Bank with an account number ending in 0081 (the "Second Concealed Bulgaria Account" and collectively with the First Concealed Bulgaria Account, the "Concealed Bulgaria Accounts").

15. Upon information and belief, Defendant holds her ownership interests in the Concealed Bulgaria Accounts through her alias Dzhendova.

16. Upon information and belief, the First Concealed Bulgaria Account is an account held jointly by Defendant and her mother, Minka Dimitrova Markova ("Mother").

17. Upon information and belief, Defendant holds a 100% ownership interest in Dental Care Creative Arts and Cosmetics Studio PC. Upon information and belief, Defendant is a licensed

3

dentist. Upon information and belief, Dental Care Creative Arts and Cosmetics Studio PC has a one or more checking accounts in which Defendant holds an interest (the "Dental Account").

18. Upon information and belief, Defendant has made undisclosed transfers from the Wells Fargo Account and Dental Account to the Concealed Bulgaria Accounts. Defendant did not disclose those transfers in the (i) original Schedules of Assets and Liabilities, (ii) original Statement of Financial Affairs, or (iii) any amendments thereto.

**Schedules of Assets and Liabilities and Statement of Financial Affairs**

**Disclosures Relating to Bank Accounts**

19. Defendant filed her original Schedules of Assets and Liabilities (Bankr. Doc. No. 1) (the "Schedules") and Statement of Financial Affairs (Bankr. Doc. No. 1) (the "SOFAs") at the same time as the Petition.

20. The Schedules and SOFAs were signed by Defendant under penalty of perjury.

21. The Schedules require that Defendant disclose all checking, savings, or other financial account in which she holds any legal or equitable interest. Schedule A/B: Property, Part 4, Line 17 (Bankr. Doc. No. 1). Defendant disclosed her interest in the Wells Fargo Account with an amount valued at $2,500 in Schedule A/B: Property ("Original Schedule A/B").

22. Defendant did not disclose any other checking, savings, or other financial account.

23. Defendant did not disclose her interest in the Concealed Bulgaria Accounts.

24. On April 26, 2024, Defendant filed an amended Schedule A/B: Property (Bankr. Doc. No. 23) (the "First Amended Schedule A/B"). First Amended Schedule A/B requires that Defendant disclose all checking, savings, or other financial account in which she holds any legal or equitable interest. Schedule A/B: Property, Part 4, Line 17 (Bankr. Doc. No. 23). Defendant disclosed her interest in the Wells Fargo Account with an amount valued at $2,500.

25. The Wells Fargo Account is the only checking, savings, or other financial account disclosed by Defendant in the First Amended Schedule A/B.

26. On August 18, 2024, Defendant filed a second amended Schedule A/B: Property. (Bankr. Doc. No. 41) (the "Second Amended Schedule A/B"). Defendant disclosed her interest in the Wells Fargo Account with an amount valued at $2,276.84. Defendant disclosed a value of $2,500 in both the Original Schedule A/B and First Amended Schedule A/B.

27. Defendant first disclosed the existence of the Concealed Bulgaria Accounts through the Second Amended Schedule A/B. Defendant filed Second Amended Schedule A/B eight (8) months after the Petition Date.

28. Defendant disclosed a value of $36,606.44 for the First Concealed Bulgaria Account.

29. Defendant disclosed a value of $377.67 for the Second Concealed Bulgaria Account.

**Schedules of Assets and Liabilities and Statement of Financial Affairs**

**Other Issues**

30. On Original Schedule A/B, Defendant discloses a 100% ownership interest in Dental Care Creative Arts and Cosmetics Studio PC. Defendant also discloses a 100% ownership interest in Merion Dental Group LLC. Original Schedule A/B, Part 4, Line 19. The value of the ownership interest in each entity is listed as "unknown." Defendant does not disclose an interest in any other non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture.

31. On First Amended Schedule A/B, Defendant discloses a 100% ownership interest in "Dental Care Creative Arts and Cosmetics Studio PC (a/k/a Merion Family Dentistry from 11/02/2023 to 12/06/2023) (company totally defunct as of 12/06/2023)." First Amended Schedule

5

A/B, Part 4, Line 19. The value of the ownership interest is disclosed as $25,000. Defendant does not disclose an interest in any other non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture. Without limiting the foregoing, Defendant does not disclose a membership interest in Merion Dental Group LLC, which was set forth in the Original Schedule A/B. Defendant's disclosures on these matters are the same on Second Amended Schedule A/B. Second Amended Schedule A/B, Part 4, Line 19.

32. Defendant does not disclose any interest in any residence, building, land, or other real estate. Original Schedule A/B, Part 1, Lines 1 and 2; First Amended Schedule, Part 1, Lines 1 and 2; Second Amended Schedule, Part 1, Lines 1 and 2.

33. Defendant does not disclose any interest in any farm or commercial relishing related property. Original Schedule A/B, Part 6, Lines 46 and 52; First Amended Schedule, Part 6, Lines 46 and 52; Second Amended Schedule , Part 6, Lines 46 and 52.

34. On Original Schedule A/B, Defendant discloses an interest in Nationwide Life Insurance (Whole Life) ("Nationwide Whole Life Policy") with a surrender or refund value of $700. Defendant also discloses an interest in Transamerica Life Insurance (Whole Life) ("Transamerica Whole Life Policy") with a surrender or refund value of $3,000. Original Schedule A/B, Part 4, Line 31.

35. On First Amended Schedule A/B, Defendant discloses an interest in the Nationwide Whole Life Policy with a decreased surrender or refund value of $380.73. Defendant also discloses an interest in the Transamerica Whole Life Policy with a decreased surrender or refund value of $1,532.90. First Amended Schedule A/B, Part 4, Line 31. Defendant's disclosures on these matters are the same on Second Amended Schedule A/B. Second Amended Schedule A/B, Part 4, Line 31.

6

36. On Original Schedule A/B, Defendant discloses total assets valued at $27,411. Original Schedule A/B, Part 8, Line 63.

37. On First Amended Schedule A/B, Defendant discloses total assets valued at $50,624.63. First Amended Schedule A/B, Part 8, Line 63.

38. On Second Amended Schedule A/B, Defendant discloses total assets valued at $87,385.58. Second Amended Schedule A/B, Part 8, Line 63.

39. The Schedules and amendments thereto do not provide an explanation for the multiple changes in reported assets nor whether there are other unreported assets, including assets in Bulgaria, that Defendant may own or have an interest in ("Other Potentially Concealed Assets").

40. The Schedules require that Defendant disclose her employment information. Defendant lists an occupation of self-employed dentist. Schedule I: Your Income, Part 1, Line 1 (Bankr. Doc. No. 1) ("Original Schedule I"); Schedule I: Your Income, Part 1, Line 1 (Bankr. Doc. No. 27) ("Amended Schedule I").

41. The Schedules require that Defendant disclose all net income from rental property and from operating a business, profession, or farm. Defendant does not have any interest in any rental properties or farms and therefore any disclosure made by Defendant relates to operating a business or profession. *See* ¶¶ 32 and 33, *supra*. On Original Schedule I, Defendant discloses net income from operating her self-employed dental practice of $6,500. Original Schedule I, Part 2, Line 8. Defendant discloses gross monthly income of $10,000 with ordinary and necessary operating expenses of $3,500 to arrive at the net amount of $6,500.

42. On Amended Schedule I, Defendant discloses net income from operating her self-employed dental practice in a reduced amount of $4,800.00. Amended Schedule I, Part 2, Line 8. Defendant discloses gross monthly income of $4,800 with ordinary and necessary operating expenses of $0 to arrive at the net amount of $4,800. Defendant provides no detail for the more

than 50% drop in disclosed gross monthly income nor how she is operating a business without incurring any operating expenses.

43. The SOFAs require that Defendant disclose any income from employment or from operating a business during the year of the petition and the two previous calendar years. For the period from January 1, 2024 to the Petition Date, Defendant discloses (i) gross income of $0 in wages, commissions, tips and bonuses and (ii) gross income of $0 from operating a business. Statement of Financial Affairs for Individuals Filing for Bankruptcy, Part 2, Line 4 (Bankr. Doc. No. 1) ("Original SOFA"); Statement of Financial Affairs for Individuals Filing for Bankruptcy, Part 2, Line 4 (Bankr. Doc. No. 29) ("First Amended SOFA"); Statement of Financial Affairs for Individuals Filing for Bankruptcy, Part 2, Line 4 (Bankr. Doc. No. 42) ("Second Amended SOFA").

44. For the period from January 1, 2023 to December 31, 2023 (i.e., the complete calendar year prior to the bankruptcy), Defendant discloses (i) gross income of $0 in wages, commissions, tips and bonuses and (ii) gross income of $3,204.25 from operating a business. Original SOFA, Part 2, Line 4; First Amended SOFA, Part 2, Line 4; Second Amended SOFA, Part 2, Line 4. Defendant does not detail how her gross yearly income for the entirety of 2023 was less than her reported gross monthly income as of the Petition Date on January 18, 2024.

45. The SOFAs require that Defendant disclose any payment on a debt owed to an insider within one (1) year prior to the Petition Date. Defendant does not disclose any transfers to insiders on the Original SOFA or First Amended SOFA. Original SOFA, Part 3, Line 7; First Amended SOFA, Part 3, Line 7. On the Second Amended SOFA, Defendant discloses two prepetition insider transfers to her Mother in the aggregated total amount of $59,989. Second Amended SOFA, Part 3, Line 7. Defendant further discloses that $0 additional amount is owed to her Mother.

46. The SOFAs require that Defendant disclose whether she owned any business or had certain connections to any business within 4 years before the Petition Date. On the Original SOFA, Defendant discloses (i) responsive relationships and (ii) an interest in Merion Dental Group, LLC and Dental Care Creative Arts and Cosmetics Studio PC. Original SOFA, Part 11, Line 27. Defendant does not make any disclosure regarding Merion Dental Group, LLC in the First Amended SOFA or Second Amended SOFA. First Amended SOFA, Part 11, Line 27; Second Amended SOFA, Part 11, Line 27.

47. Defendant does not disclose any ownership or connection with a sole proprietorship or that she is self-employed in a trade, profession, or other activity, either full-time or part-time. Original SOFA, Part 11, Line 27; First Amended SOFA, Part 11, Line 27; Second Amended SOFA, Part 11, Line. Defendant elsewhere disclosed that she is in fact self-employed and has income from a sole proprietorship. Original Schedule I, Part 1, Line 1; Original Schedule I, Part 2, Line 8; attachment 8a; Amended Schedule I, Part 1, Line 1; Amended Schedule I, Part 2, Line 8; attachment 8a.

48. The Schedules require that Defendant disclose payments made to support others who do not live with her. On the Petition Date, Defendant disclosed that she does not make any such payments. Schedule J: Your Expenses, Part 2, Line 19 (Bankr. Doc. No. 1) ("Original Schedule J"). On April 26, 2024, Defendant disclosed $500 in such expenses for support of her Mother. Schedule J: Your Expenses, Part 2, Line 19 (Bankr. Doc. No. 28) ("Amended Schedule J").

**Case Conversion and 341 Meeting**

49. Counsel filed a Praecipe to convert to Chapter 7 on February 29, 2024, and the court converted the case to Chapter 7 on March 4, 2024.

50. On or about April 4, 2024, Lynn Feldman, Esq. was appointed trustee ("Chapter 7 Trustee") in Defendant's Chapter 7 case. Chapter 7 Trustee is charged with administering the assets of the estate pursuant to Bankruptcy Code section 704. Chapter 7 Trustee is an officer of the Chapter 7 estate charged with custody of estate property.

51. The initial Meeting of Creditors pursuant to Bankruptcy Code section 341(a) (the "341 Meeting") of the Chapter 7 case was scheduled for April 10, 2024. The 341 Meeting was continued to May 17, 2024.

52. June 10, 2024 was the initial deadline for filing actions under sections 707(b) and 727.

53. On May 23, 2024, the Court entered an Order extending the deadline for action under sections 707(b) and 727 to September 20, 2024. *See* Bankr. Doc. No. 33 ("any parties in interest including the U.S. Trustee shall have until September 20, 2024 to file a Complaint Objecting to Discharge and/or file a Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)."). The Complaint is filed timely.

54. At the 341 Meeting on May 17, 2024, Defendant appeared and provided sworn testimony under oath. Chapter 7 Trustee requested additional documents and information from Defendant and continued the meeting to June 5, 2024.

55. At the 341 Meeting on June 5, 2024, Defendant appeared and provided sworn testimony under oath. Further documents and information were requested by Chapter 7 Trustee and the 341 Meeting was continued to June 26, 2024.

56. At the 341 Meeting on June 26, 2024, Defendant appeared and provided sworn testimony under oath. Further documents and information were requested by Chapter 7 Trustee and the 341 Meeting was continued to July 17, 2024.

57. Defendant did not appear at the 341 Meeting on July 17, 2024. Upon information and belief, Defendant did not provide all of the documents and information requested by Chapter 7 Trustee, including, upon information and belief, records requested pertaining to the Concealed Bulgaria Accounts and Concealed Transfers.

## Concealed Transfers to Concealed Bulgaria Accounts

58. Upon information and belief, on or about July 18, 2023, Defendant transferred $50,000 from the Dental Account to the First Concealed Bulgaria Account.

59. Upon information and belief, on or about November 20, 2023, Defendant transferred $26,000.00 into her Wells Fargo Account from the Dental Account.

60. Upon information and belief, on or about November 27, 2023, Defendant transferred $10,000 from her Wells Fargo Account to the First Concealed Bulgaria Account.

61. Upon information and belief, on or about December 15, 2023, Defendant withdrew $10,000 from the Wells Fargo Account, which amount was used by Defendant for personal international travel to Ireland.

62. Upon information and belief, on or about December 18, 2023, Defendant transferred $11,235.96 from the First Concealed Bulgaria Account to the Second Concealed Bulgaria Account.

63. Upon information and belief, on or about January 12, 2024, Defendant transferred $6,000.00 from the First Concealed Bulgaria Account to the Second Concealed Bulgaria Account.

11

64. Upon information and belief, on or about April 11, 2024 (*i.e.*, after the Petition Date), Defendant transferred $10,000.00 from the First Concealed Bulgaria Account to the Second Concealed Bulgaria Account.

65. Upon information and belief, on or about May 20, 2024 (*i.e.*, after the Petition Date), Defendant transferred $20,000.00 (the "Concealed Post-Petition Transfer") from the jointly held First Concealed Bulgaria Account to an account controlled by her Mother in Bulgaria and in which Defendant holds no interest. Defendant did not request or obtain Court authority for the Concealed Post-Petition Transfer.

66. Defendant did not disclose (i) transfers to the Concealed Bulgaria Accounts, (ii) transfers between the Concealed Bulgaria Accounts, (iii) $10,000 transfer for personal travel, or (iii) the Concealed Post-Petition Transfer to her Mother (collectively, the "Concealed Transfers").

67. On August 22, 2024, Defendant filed the Second Amended SOFA. In the Second Amended SOFA, Defendant first discloses the existence of prepetition transfers to her Mother as an insider in the aggregate total amount of $59,989. The Second Amended SOFA does not disclose the Concealed Post-Petition Transfer to her Mother. Indeed, the Second Amended SOFA discloses that no additional amounts were owed by Defendant to her Mother after completion of the prepetition transfers.

### I.  COUNT 1
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(2)(A)

68. U.S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 67 above.

69. Bankruptcy Code section 727 provides that:

> (a) the Court shall court shall grant a debtor a discharge unless … (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate

charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor within one year before the date of the filing of the petition[.]

See 11 U.S.C. § 727(a)(2)(A).

70. Defendant transferred or concealed the Concealed Bulgaria Accounts and Concealed Transfers as detailed above. Defendant therefore transferred, removed, destroyed, mutilated or concealed property within one year before the date of the filing of the Petition with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code.

71. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(2)(A).

## II. COUNT 2
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(2)(B)

72. U.S. Trustee alleges and incorporates herein the allegations set forth in paragraphs 1 through 71 above.

73. Bankruptcy Code section 727 provides that:

(a) the Court shall court shall grant a debtor a discharge unless … (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed … (B) property of the estate, after the date of the filing of the petition[.]

See 11 U.S.C. § 727(a)(2)(B).

74. Defendant transferred or concealed the Concealed Bulgaria Accounts and Concealed Post-Petition Transfer as detailed above. Defendant filed Schedules and SOFAs with inaccurate information, some of which was not disclosed until eight (8) months after the Petition Date and some of which still has not been disclosed. Defendant therefore transferred, removed,

13

destroyed, mutilated or concealed property of the estate, after the date of the filing of the Petition with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code.

75. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(2)(B).

### III. COUNT 3
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(3)

76. U.S. Trustee alleges and incorporates herein the allegations set forth in paragraphs 1 through 75 above.

77. Bankruptcy Code section 727 provides that:

> (a) the Court shall court shall grant a debtor a discharge unless … (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;.

*See* 11 U.S.C. § 727(a)(3).

78. Defendant concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information regarding the Concealed Bulgaria Accounts and Concealed Transfers. The 341 Meeting was held open on multiple occasions with Chapter 7 Trustee requesting documentation and information from Defendant, including records pertaining to the Concealed Bulgaria Accounts and Concealed Transfers. Defendant did not provide all the requested information to Chapter 7 Trustee. Defendant has not provided the U.S. Trustee documentation sufficient to understand Defendant's financial condition and transactions. Defendant has not provided information to support the significant change in income reflected in the Schedules and amendments thereto nor the changes in expenses. Defendant therefore concealed, destroyed,

14

mutilated, falsified, or failed to keep or preserve recorded information from which the debtor's financial condition or business transactions might be ascertained.

79. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(3).

### IV. COUNT 4
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(4)(A)

80. U.S. Trustee realleges and incorporates herein the allegations set forth in paragraphs 1 through 79 above.

81. Bankruptcy Code section 727(a)(4)(A) provides that the court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

82. Defendant made false oaths and/or accounts regarding her assets, interests, and/or other financial transactions, including but not limited to her failure to fully and timely disclose the Concealed Bulgaria Accounts, Concealed Transfers, Concealed Name, and Other Potentially Concealed Assets in the Petition, Schedules, or SOFAs signed under penalty of perjury or in her testimony under oath at the 341 Meeting.

83. Defendant filed Schedules and SOFAs with inaccurate information, some of which was not disclosed until eight (8) months after the Petition Date and some of which still has not been disclosed.

84. Upon information and belief, Defendant made these false oaths and accounts knowingly and fraudulently.

85. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(4)(A).

## V. COUNT 5
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(4)(D)

86. U.S. Trustee realleges and incorporates the allegations set forth in paragraphs 1 through 85 above.

87. Bankruptcy Code Section 727(a)(4)(D) provides that the court shall grant a debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case, "withheld from an officer of the estate entitled to possession under this title, any recorded information . . . relating to the debtor's property or financial affairs."

88. Chapter 7 Trustee requested recorded information and documents pertaining to Defendant's property and financial affairs including, upon information and belief, records pertaining to the Concealed Bulgaria Accounts and Concealed Transfers. Defendant did not provide all the requested information and documents to Chapter 7 Trustee. Defendant failed to appear at the continued 341 Meeting on July 17, 2024.

89. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(4)(D).

## VI. COUNT 6
### For Denial of Discharge of Defendant
### 11 U.S.C. § 727(a)(5)

90. U.S. Trustee realleges and incorporates the allegations set forth in paragraphs 1 through 89 above.

91. Bankruptcy Code section 727(a)(5) provides that the court shall grant a debtor a discharge unless the debtor "has failed to explain satisfactorily . . . any loss of assets, or deficiency of assets to meet the debtor's liabilities."

92. Defendant has not explained satisfactorily the Concealed Transfers and resulting loss of assets of the estate. Defendant further has not explained satisfactorily why the $50,000

16

transfer from the Dental Account was made to the First Concealed Bulgaria Account rather than her Wells Fargo account, where it would be available as an asset to meet her liabilities. Defendant has not provided information to support the significant change in income reflected in the Schedules and amendments thereto nor the changes in expenses.

93. Therefore, U.S. Trustee asserts that Defendant should be denied a discharge pursuant to Bankruptcy Code section 727(a)(5).

[*remainder of page left blank intentionally*]

## **PRAYER FOR RELIEF**

**WHEREFORE**, U.S. Trustee respectfully requests the following relief:

(i)  On Count I against Defendant, for an order by this Court denying Defendant's discharge from her debts pursuant to 11 U.S.C. § 727(a)(2)(A);

(ii)  On Count II against Defendant, for an order by this Court denying Defendant's discharge from her debts pursuant to 11 U.S.C. § 727(a)(2)(B);

(iii)  On Count III against Defendant, for an order by this Court denying Defendant's discharge from her debts pursuant to 11 U.S.C. § 727(a)(3);

(iv)  On Count IV against Defendant, for an order by this Court denying Defendant's discharge from her debts pursuant to 11 U.S.C. § 727(a)(4)(A);

(v)  On Count V against Defendant, for an order by this Court denying Defendant's discharge from her debts pursuant to 11 U.S.C. § 727(a)(4)(D);

(vi)  On Count VI against Defendant, for an order by this Court denying Defendant's discharge from her debts pursuant to 11 U.S.C. § 727(a)(5); and

(I)  such further and additional relief the Court deems just and proper.

**Dated:** September 19, 2024

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Telephone: (202) 934-4154
Email: john.schanne@usdoj.gov