Jonathan J. Sobel, Esquire
**LAW OFFICES OF JONATHAN J. SOBEL**
1500 Walnut Street, Suite 2000
Philadelphia, PA 19102
(215) 735 7535
(215) 735 7539 fax
Mate89@aol.com
Counsel for Debtor / Defendant, Sarah Goldstein

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | :CHAPTER 7 |
| SARAH GOLDSTEIN, | : |
| Debtor | :BANKR. NO.: 24-10179(AMC) |
| ANDREW R. VARA<br>UNITED STATES TRUSTEE | : |
| Plaintiff, | : |
| v. | :ADV NO.: 24-00121(AMC) |
| SARAH GOLDSTEIN | : |
| Defendant. | : |

## ANSWER OF DEBTOR / DEFENDANT, SARAH GOLDSTEIN TO PLAINTIFF, UNITED STATES TRUSTEE'S COMPLAINT OBJECTING TO THE GRANTING OF THE DEBTOR'S DISCHARGE

**AND NOW**, comes Debtor / Defendant, Sarah Goldstein's [hereinafter referred to as "Debtor / Defendant"] Answer to Plaintiff, United States Trustee's Complaint Objecting to the Granting of the Debtor's Discharge and in opposition of same, Debtor / Defendant responds as follows:

## <u>JURISDICTION AND VENUE</u>

1.      Denied.  By way of further response, the allegations contained in paragraph 1 are conclusions of law to which no response is required, provided, however, if a response is required, the debtor / defendant denies the allegations and demands strict proof thereof at the time of trial.

2.      Denied.  By way of further response, the allegations contained in paragraph 2 are conclusions of law to which no response is required, provided, however, if a response is required, the debtor / defendant denies the allegations and demands strict proof thereof at the time of trial.

3.      Denied.  By way of further response, the allegations contained in paragraph 3 are conclusions of law to which no response is required, provided, however, if a response is required, the debtor / defendant denies the allegations and demands strict proof thereof at the time of trial.

4.      Denied.  By way of further response, the allegations contained in paragraph 4 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and demands strict proof thereof at the time of trial.

## PARTIES

5.　　Admitted.

6.　　Neither admitted nor denied.  By way of further response, debtor / defendant is without sufficient information to either admit or deny the allegations contained in this averment.

7.　　Admitted in part.  By way of further response, debtor / defendant's counsel made a decision to file under Chapter 13.  However, I was subsequently advised to convert the matter to Chapter 7.  Further, the TD Bank business loan was given to Dental Care Creative Arts and Cosmetic Studio, however, debtor filed a personal bankruptcy.

8.　　Denied.  By way of further response, the allegations contained in paragraph 8 are conclusions of law to which no response is required, provided, however, if a response is required, the debtor / defendant denies the allegations and demands strict proof thereof at the time of trial.

## BACKGROUND FACTS

9.　　Admitted.

## CONCEALED ALIAS, CONCEALED TRANSFERS, CONCEALED BANK ACCOUNTS

10.    Admitted in part, denied in part.  Debtor / Defendant's birth name is Tanya Markova Dzhendova, however, her name was changed pursuant to Court Order in 2009.

11.    Denied.  By way of further response, debtor / defendant's name was changed in 2009 in the Court in Miami, by Judge Paul Siegel while attending dental school in Florida.  Since 2009, for approximately fifteen (15) years, debtor has continued to use the name Sarah Goldstein.  Debtor has not used her former name, since 2009 on any documents, applications, identifications or for any other reason.

12.    Admitted in part.  By way of further response, debtor / defendant has a personal bank account at Wells Fargo Bank, account ending in 8516.  Debtor's bankruptcy attorney, Michael Cibik, Esquire was provided with this information in December, 2023, along with the other personal and business information required for the bankruptcy filing.

13.    Admitted in part.  By way of further response, the account ending in 2588 with First Investment Bank in Bulgaria, in United States Dollars was opened under debtor's legal name, Tanya Markova Dzhendova on September 28, 2021, two (2) years before debtor purchased the dental practice, Marian Family

Dentistry, and approximately two and a half years prior to the filing for

bankruptcy.  This account has been opened under debtor's name based upon a

request by her mother in case of something befalling her mother in order for debtor

to be able to have access to the account.  Debtor provided a notarized document

from First Investment Bank of Bulgaria proving debtor's mother is the only person

allowed access to this account and the only person who operates with this account.

14.     Admitted in part.  By way of further response, the bank account

ending in 0081 with First Investment Bank is for local currency.  This account was

opened only for debtor's mother to transfer money from the account ending in

2558 (the U.S. Dollars account) into the account ending in 0081 in local currency.

No fund transfers were made from the United States to the account ending in 0081.

Both accounts, 0081 and 2588 were not intentionally concealed.  Both accounts,

despite the fact they are in debtor's name, are debtor's mother's accounts and the

money (United States Dollars) debtor transferred to the account 2588 is money

debtor owed to her parents over the years.  Debtor's mother provided a notarized

letter explaining the foregoing. The funds debtor transferred from the United States

to debtor's mother's account in the last twelve (12) months, prior to the filing of

the bankruptcy were for paying off what debtor owed to her parents and these

transactions occurred well before debtor decided to purchase a dental practice.

Debtor believed the funds properly belonged to her mother and considered this to

be her mothers'.  Debtor retained attorney Michael Cibik, Esquire to represent her and disclosed all of the necessary documents regarding the bankruptcy matter.  If a document was missing or an error occurred, debtor's counsel should have been more diligent in requesting the information and/or properly completing the schedules and statements.

15.    Admitted in part.  By way of further response, both accounts in Bulgaria were opened under debtor's former name, Dzhendova.  However, the accounts were not opened for the purpose of concealing these accounts, but merely based upon debtor's legal name and records available in Bulgaria in order to open these accounts.

16.    Admitted in part.  By way of further response, the Bulgarian accounts were held jointly with debtor's mother and not for the reason to conceal these bank accounts from any bankruptcy proceedings.  However, they were opened jointly for the reasons identified previously.

17.    Admitted in part.  By way of further response, debtor / defendant is the 100% owner of Dental Care Creative Arts and Cosmetic Studio, P.C.,  Debtor / Defendant provided all banking information, including personal and business to her attorney, Michael Cibik in December, 2023.  Debtor / Defendant presumed her attorney disclosed all of the information to the Chapter 7 Trustee, Lynn Feldman.

18.    Denied.  By way of further response, both transfers were made within the last twelve (12) months of the bankruptcy were disclosed.  The first transfer occurred in July, 2023 from the United States to Bulgaria, and the second transfer occurred in November, 2023.  Bank statements and verbal statements from First Investment Bank, Bulgaria were notarized, provided and disclosed to the Chapter 7 Trustee, Lynn Feldman.  Dental practice, Merion Family Dentistry was purchased on October 25, 2023.  Debtor / Defendant worked at the location for eight (8) days. Debtor / Defendant's first working day was November 2, 2023 and debtor / defendant's last working day was December 7, 2023.  No bank transfers were made from the United States to Bulgaria after the last United States Dollar transfer in November, 2023.

### SCHEDULES OF ASSETS, LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS DISCLOSURES RELATING TO BANK ACCOUNTS

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Denied. By way of further response, debtor / defendant provided her attorney with the Wells Fargo Account(s), Student Loan information, Transamerica Life Insurance information and Nationwide Life Insurance account(s).

23.    Admitted in part.  By way of further response, debtor / defendant did not disclose the two (2) Bulgarian accounts because she never considered herself as having a personal interest in those accounts.  The accounts were always considered property of her mother.

24.    Admitted

25.    Admitted.

26.    Admitted.

27.    Denied.  By way of further response, the information on the two (2) Bulgarian accounts was provided as an explanation of the transferred transactions posted into debtor / defendant's Wells Fargo account.  The Bulgarian accounts have never been considered as debtor / defendant's bank accounts.

28.    Admitted.

29.    Admitted.

## SCHEDULES OF ASSETS, LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS OTHER ISSUES

30.    Admitted in part, denied in part.  By way of further response, debtor / defendant had 100% ownership in Dental Care Creative Arts and Cosmetic Studios.  It is denied that debtor / defendant was part of the Merion Family Dental Group, LLC.  When debtor / defendant was purchasing Merion Family Dentistry, her attorney, Jeffrey Sansweeet told her that she was buying the practice with its

name and because it is shorter, easier to use, she could use both names:  Dental

Care Creative Arts and Cosmetic Studio and Merion Family Dentistry.

31.    Admitted in part, denied in part.  By way of further response, it is

admitted that debtor / defendant has 100% ownership in Dental Care Creative Arts

and Cosmetic Studios.  Debtor / Defendant has not traded stocks.  Debtor /

Defendant does not have any interests in incorporated and unincorporated

businesses, no interests in LLC(s), no partnerships and no joint ventures.  Debtor /

Defendant does not have and never had any membership interest in Merion Dental

Group, LLC.  Debtor / Defendant's attorney's associate, Michael Assad

misrepresented the value of the ownership interest.  The equipment of Merion

Family Dentistry is worth approximately $25,000.00, however, the company owes

approximately $200,000.00 to TD Bank.  This information was not initially

disclosed because the loan the company owes to TD Bank is far greater than the

assets owned by Merion Family Dentistry, i.e., $25,000.00 vs. $200,000.00.

32.    Denied.  By way of further response, debtor / defendant does not have

any interests in residence, building, land or other real estate.

33.    Denied.  By way of further response, debtor / defendant does not have

any interests in any farm, or commercial related properties.

34.    Neither admitted nor denied.  By way of further response, debtor /

defendant is unsure why there are two (2) different values for TransAmerica and

Nationwide Life Insurance Policy(s).  Debtor / Defendant provided documents issued by companies to Michael Assad, Esquire, (Michael Cibik's associate).  The debtor / defendant's attorney was responsible for filing all of the schedules and statements.  The total value of the life insurance policies initially reported was $3,700.00.  The value disclosed in the first and second amended schedules was $1,913.63, a difference of approximately $1,786.37.

35.     Neither admitted nor denied.  By way of further response, debtor / defendant is unsure why there are two (2) different values for TransAmerica and Nationwide Life Insurance Policy(s).  Debtor / Defendant provided documents issued by companies to Michael Assad, Esquire, (Michael Cibik's associate).  The debtor / defendant's attorney was responsible for filing all of the schedules and statements.  The total value of the life insurance policies initially reported was $3,700.00.  The value disclosed in the first and second amended schedules was $1,913.63, a difference of approximately $1,786.37.

36.    Admitted in part.  Debtor / Defendant was not aware of the schedules being amended twice by the attorney.  Debtor / Defendant has a recollection of the schedule being corrected once, reflecting the Bulgarian accounts.

37.    Admitted in part.  Debtor / Defendant was not aware of the schedules being amended twice by the attorney.  Debtor / Defendant has a recollection of the schedule being corrected once, reflecting the Bulgarian accounts.

38.    Admitted, in part.  Debtor / Defendant was not aware of the schedules being amended twice by the attorney.  Debtor / Defendant has a recollection of the schedule being corrected once, reflecting the Bulgarian accounts.

39.    Admitted in part.  Debtor / Defendant was not aware of the schedules being amended twice by the attorney.  Debtor / Defendant has a recollection of the schedule being corrected once, reflecting the Bulgarian accounts.

40.    Admitted in part.  Debtor / Defendant fully disclosed to her attorney her employment information as well as her self-employed information.

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    Admitted.

45.    Admitted.

46.    Admitted.

47.    Admitted.

48.    Admitted.

**CASE CONVERSION AND 341 MEETING**

49.    Admitted.

50.     Admitted in part.  By way of further response, Lynn Feldman was appointed Chapter 7 Trustee.  The remainder of the allegation, debtor / defendant lacks sufficient information to respond to.

51.     Admitted in part.  By way of further response, the Meeting was held and not concluded.

52.     Admitted upon information and belief.

53.     Admitted.

54.     Admitted.  By way of further response, the Meeting was held and not concluded.

55.     Admitted.  By way of further response, the Meeting was held and not concluded.

56.     Admitted.  By way of further response, the Meeting was held and not concluded.

57.     Denied.  By way of further response, debtor / defendant appeared for the hearing and was excused by the Chapter 7 Trustee on July 17, 2024.  Debtor appeared on Zoom with the Chapter 7 Trustee, Lynn Feldman and the landlord's attorney, Joseph Hirsch ten (10) minutes prior to the scheduled meeting.  The Chapter 7 Trustee told debtor / defendant that they were not going to have the official meeting that day and no further meetings and no further questioning would be taking place.  The Chapter 7 Trustee indicated that debtor / defendant would be

hearing soon from her attorney.  Ms. Feldman left the meeting and debtor /

defendant logged off.

## CONCEALED TRANSFERS TO CONCEALED BULGARIA ACCOUNTS

58.     Admitted in part.  By way of further response, debtor / defendant

transferred $50,000.00 to the Bulgarian Bank United States Dollars Account three

(3) months prior to buying the dental office.  In July, 2023, debtor / defendant did

not even know that she would be buying a dental practice.  Debtor / Defendant was

introduced in September, 2023 to Merion Family Dentistry by Sharon Mascetti

with Henry Schein.  The transfer was made to pay off part of what debtor /

Defendant owed to her mother.

59.     Admitted in part.  By way of further response, the transaction of

$26,000.00 was a transfer from a business account to a personal account debtor /

defendant had at Wells Fargo bank and it was enclosed in a bank statement.  The

business account was opened and used before Merion Family Dental Practice was

purchased.  The funds in the business account of Dental Care Creative Arts and

Cosmetic Studio were available before buying the Merion Family Dental Practice.

60.     Admitted in part.  By way of further response, it is admitted that

debtor / defendant transferred $10,000.00 from her Wells Fargo account to her

mother in First Investment Bank, in Bulgaria to pay off the balance of what debtor

/ defendant owed to her mother.

61.    Admitted in part.  By way of further response, debtor / defendant was traveling for the holidays to Ireland and withdrew the amount stated in this averment.

62.    Denied.  By way of further response, it is denied that debtor / defendant operated either of the Bulgarian accounts.  The money had been transferred from United States Dollars to Bulgarian currency by debtor / defendant's mother.  The transfer was made in order to exchange and use the money in local currency.

63.    Admitted in part.  By way of further response, this is another internal transaction from one Bulgarian Account (U.S. Dollars) to another Bulgarian Account which converted the money to Bulgarian Dollars.

64.    Admitted in part.  By way of further response, this is another internal transaction done by debtor / defendant's mother for currency exchange.  All of the transfers from United States Dollars Bulgarian account to the local currency Bulgarian account were made based upon the financial needs of debtor / defendant's mother.

65.    Denied.  By way of further response, debtor / defendant provided a letter stating and providing bank statements that she did not make any money transfers from the United Staes to Bulgaria after November, 2023.  The May, 2024

transaction was done by debtor / defendant's mother and it was a transfer into

another of her accounts in local currency to support her financial needs at that time.

66.   Denied.  By way of further response, all detailed bank statements of

debtor / defendant's personal and business bank accounts were provided to her

attorneys who were responsible for the filing of the petition, schedules and

statements and all transfer made out of the accounts were included in the schedules

and statements.  In terms of the Bulgarian accounts, debtor / defendant did not

initially provide the statements because debtor / defendant did not consider these

bank accounts her own property.

67.   Denied. By way of further response, as a result of debtor / defendant

not considering herself as having an interest or ownership in the Bulgarian two (2)

bank accounts, debtor / defendant did not consider the two (2) transfers, i.e. April

11, 2024 for $10,000.00 and on May 20, 2024, for $20,000.00 as being relevant to

the disclosure requirements.

## I.   Count 1
## For Denial of Discharge of Defendant
## 11 U.S.C. 727(a)(2)(A)

68.   Debtor / Defendant, Sarah Goldstein realleges and incorporates herein

the allegations set forth in paragraphs 1 through 68.

69.   Denied.  By way of further response, the allegations contained in

paragraph 69 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

70.    Denied.  By way of further response, the allegations contained in

paragraph 70 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

71.    Denied.  By way of further response, the allegations contained in

paragraph 71 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

## II.    Count 2
### For Denial of Discharge of Defendant
### 11 U.S.C. 727(a)(2)(B)

72    Debtor / Defendant, Sarah Goldstein realleges and incorporates herein

the allegations set forth in paragraphs 1 through 71.

73.    Denied.  By way of further response, the allegations contained in

paragraph 73 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

74.    Denied.  By way of further response, the allegations contained in

paragraph 74 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

75.     Denied.  By way of further response, the allegations contained in

paragraph 75 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

### III.    Count 3
### For Denial of Discharge of Defendant
### 11 U.S.C. 727(a)(3)

76.     Debtor / Defendant, Sarah Goldstein realleges and incorporates herein

the allegations set forth in paragraphs 1 through 75.

77.     Denied.  By way of further response, the allegations contained in

paragraph 77 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

78.     Denied.  By way of further response, the allegations contained in

paragraph 78 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

79.     Denied.  By way of further response, the allegations contained in

paragraph 79 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

## IV.    Count 4
### For Denial of Discharge of Defendant
### 11 U.S.C. 727(a)(4)(A)

80      Debtor / Defendant, Sarah Goldstein realleges and incorporates herein

the allegations set forth in paragraphs 1 through 79.

81.      Denied.  By way of further response, the allegations contained in

paragraph 81 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

82.      Denied.  By way of further response, the allegations contained in

paragraph 82 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

83.      Denied.  By way of further response, the allegations contained in

paragraph 83 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

84.      Denied.  By way of further response, the allegations contained in

paragraph 84 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

85.    Denied.  By way of further response, the allegations contained in

paragraph 85 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

### V.    Count 5
### For Denial of Discharge of Defendant
### 11 U.S.C. 727(a)(4)(D)

86.    Debtor / Defendant, Sarah Goldstein realleges and incorporates herein

the allegations set forth in paragraphs 1 through 86.

87.    Denied.  By way of further response, the allegations contained in

paragraph 87 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

88.    Denied.  By way of further response, the allegations contained in

paragraph 88 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

89.    Denied.  By way of further response, the allegations contained in

paragraph 89 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

### VI.    Count 6
### For Denial of Discharge of Defendant
### 11 U.S.C. 727(a)(5)

90.    Debtor / Defendant, Sarah Goldstein realleges and incorporates herein

the allegations set forth in paragraphs 1 through 89.

91.    Denied.  By way of further response, the allegations contained in

paragraph 91 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

92.    Denied.  By way of further response, the allegations contained in

paragraph 92 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

93.    Denied.  By way of further response, the allegations contained in

paragraph 93 are conclusions of law to which no response is required, provided,

however, if a response is required, the debtor / defendant denies the allegations and

demands strict proof thereof at the time of trial.

**WHEREFORE**, Debtor / Defendant, Sarah Goldstein respectfully requests judgment in her favor and against Plaintiff, Andrew R. Vara, Acting United States Trustee, together with such other relief as the Court deems just and proper.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Debtor / Defendant, Sarah Goldstein realleges and incorporates herein the allegations set forth in paragraphs 1 through 93.

2.      Debtor / Defendant is informed and believe and thereon allege that she relied in good faith upon the advice of counsel with regard to the allegations in Plaintiff's Complaint.

3.      Plaintiff's Complaints fails to state a claim upon which relief may be granted.

4.      Plaintiff's claims are barred by the applicable statute of limitations.

5.      The alleged omission of information was either inadvertent or otherwise excusable mistake.

6.      Debtor / Defendant did not intend to hinder, delay, or defraud the United States Trustee's Office.

7.      Debtor / Defendant did not transfer, remove, destroy, mutilate, or conceal , or has permitted to be transferred, removed, destroyed, mutilated, or conceal property of the debtor within one (1) year before the filing date of the within Petition.

8.     Debtor / Defendant did not transfer, remove, destroy, mutilate, or conceal , or has permitted to be transferred, removed, destroyed, mutilated, or conceal property of the estate after the date of the filing of the petition;

9.     Debtor / Defendant did not conceal, destroy, mutilate, falsify, or fail to keep or preserve any recorded information.

10.     Debtor / Defendant did not act knowingly and/or fraudulently in this proceeding by making a false oath or account.

11.     Debtor / Defendant did not act knowingly and/or fraudulently in this proceeding by presenting or using a false claim.

12.     Debtor / Defendant did not act knowingly and/or fraudulently in this proceeding by giving, offering, receiving, or attempting to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act.

13.     Debtor / Defendant did not act knowingly and/or fraudulently in this proceeding by withholding from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

14.     Debtor / Defendant has explained satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

Dated:  December 24, 2024          LAW OFFICES OF JONATHAN J. SOBEL

By:./s/Jonathan J. Sobel, Esquire
   1500 Walnut Stret, Suite 2000
   Philadelphia, PA 19102
   Telephone:  (215) 735 7535
   Facsimile:  (215) 735 7539
   Mate89@aol.com

   Attorney for Debtor / Defendant,
   Sarah Goldstein