**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re Sarah Goldstein** | : | Chapter 7 |
| | : | |
| **Debtor** | : | Bky. No. 24-10179-djb |
| | : | |
| | : | |
| **U.S. Trustee** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Sarah Goldstein** | : | |
| | : | |
| **Defendant** | : | Adv. No. 24-00121-djb |
| | : | |

..........................................

**PRETRIAL ORDER #2**

..........................................

**AND NOW**, it is hereby **ORDERED** that:

1. This Order amends the Initial Pretrial Order (Adv. Docket No. 10) to the extent set forth herein.

2. The following discovery and trial schedule shall be considered by the parties in their deliberations at their discovery conference:

   a. On or before August 19, 2025, the Defendant shall produce all documents responsive to the *Subpoena Duces Tecum* served by the Plaintiff on March 31, 2025.

   b. All expert witnesses shall be identified by August 29, 2025 and a copy of each expert's report shall be provided to every other party, in accordance with Fed. R. Civ. P. 26(a)(2) on or before September 12, 2025.

   c. All discovery shall be completed on or before September 19, 2025.

    d. All motions to amend the pleadings, or for summary judgment1, shall be filed on or before October 10, 2025.  If such a motion or motions is/are filed, the parties are **not relieved** of their obligation to comply with the terms of the balance of this Pretrial Order.

    e. All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court on or before November 7, 2025.

    f. Any objections to Rule 26(a)(3) disclosures shall be served on opposing counsel and filed with the bankruptcy court on or before November 21, 2025.

    g. On or before December 8, 2025, the parties shall file a joint pretrial statement.  The joint pretrial statement shall be signed by all counsel**.  *It is the obligation of the Plaintiff"s counsel to initiate the procedures for its preparation and to assemble and submit the proposed pretrial statement to the court.*** Plaintiff's counsel shall submit a proposed joint pretrial statement to Defendant's counsel not less than 7 days prior to the deadline for its submission.  Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall govern the conduct of the trial and shall supersede all prior pleadings in the case.  Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

3. The joint pretrial statement shall include the following items:

    A. <u>Basis of jurisdiction</u>. A statement setting forth the basis of jurisdiction whether this matter is core or noncore.  If the matter is noncore or involves a matter where the Court may not have authority to enter final orders, the parties shall state whether they consent to the Court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2).  If the parties disagree, they shall each cite to relevant authority to support their positions.

    B. <u>Uncontested facts</u>. A statement of any facts pled which are uncontested.

    C. <u>Facts which are in dispute</u>. A statement of the facts opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds.

    D. <u>Damages or other relief</u>.  A statement of damages claimed or relief sought.  A party seeking damages shall for each cause of action pursued, list a detailed description of each item of damages claimed, the legal basis therefore, and state the amount of damages claimed.  A party seeking relief other than damages

---

[1] A motion for summary judgment shall include a separate statement of those material facts that the movant contends are not in dispute with supporting citations to the record.  Failure to comply with this requirement shall be grounds for summary denial of the Motion.

   shall list the exact form of relief sought with precise designations of persons, parties, places and things expected to be included in any order providing relief.

  E. <u>Legal issues</u>. For each cause of action and affirmative defense to be pursued, the constitutional, statutory, regulatory and decisional authorities relied upon the elements to be proven at trial and a brief statement regarding which party has the burden of proof on each legal issue).

  F. <u>Witnesses</u>. A list of all witnesses along with a brief statement of the evidence the witness will give. Witnesses shall be classified between those who any party expects to present and those whom any party may call if the need arises. The address of each witness shall be provided to all parties. A witness who can not be located within 100 miles of the Eastern District of Pennsylvania shall be specifically identified for the Court.

  G. <u>Exhibit</u>. A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before trial. The form of Exhibit List is attached. Documents which a party may offer if the need arises shall be separately identified.

  H. <u>Motion(s) *In Limine*</u>: The parties shall identify any Motions *In Limine* that they believe need to be resolved prior to trial. The nature of the issue shall be described in sufficient detail to facilitate a discussion of the issue(s) at the final pretrial/settlement conference and to permit the Court to issue an appropriate scheduling order, if necessary, for the filing and resolution of such Motion(s).

  I. <u>Discovery to be submitted</u>. Confirmation of whether the parties intend to offer discovery items and/or depositions into evidence at trial. Prior to Trial, Counsel shall designate the deposition testimony by page/line reference and the number the interrogatory response(s) which shall be offered in evidence at trial.

  J. <u>Estimated trial time</u>. An estimate of the total trial time anticipated by the Parties.

  K. <u>Settlement certification</u>. A certification that the parties have participates in good faith settlement discussions without success.

4. A mandatory final pretrial/settlement conference shall be held on **(Date) at (time) in Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, Second Floor, Philadelphia, Pennsylvania.**

5. If the adversary proceeding is not resolved prior to the conclusion of the final pretrial/settlement conference, the adversary proceeding shall be scheduled for trial at the Court's first available date.

6. All trial exhibits and discovery items to be offered shall be pre-marked and exchanged by counsel at least three (3) business days prior to the date of trial.

7. **The trial may be continued only in exceptional circumstances on Motion and leave of Court.**

**Requested and Approved by Counsel:**

| | |
|---|---|
| Andrew R. Vara<br>UNITED STATES TRUSTEE<br>For Region 3 | FOR THE DEBTOR/DEFENDANT<br>Sarah Goldstein |
| By**: /s/ John Schanne**<br>John Schanne, Trial Attorney<br>Office of The United States Trustee<br>Robert NC Nix, Sr. Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>Phone: 202.934.4154<br><br>John.Schanne@usdoj.gov | OFFIT KURMAN, P.C.<br><br>By:**/S/ P.J. Winterhalter**<br>   Paul J. Winterhalter<br>401 Plymouth Road, Suite 100<br>Plymouth Meeting, PA 19462<br>Tel. 267.338.1370<br>pwinterhalter@offitkurman.com |

BY THE COURT:

Date: _____

_____
**DEREK J. BAKER
U.S. BANKRUPTCY JUDGE**

Copies to:

*Plaintiff's Counsel*:

John Schanne, Esquire
Office of the U.S. Trustee
900 Market Street, Suite 320
Philadelphia, PA 19107

*Defendant's Counsel*:

Paul J. Winterhalter, Esquire
Offit Kurman, P.C.
401 Plymouth Road, Suite 100
Philadelphia, PA 19462